E. C. HECKENLAIBLE, Appellant, v. S. D. COOK, Respondent.

(189 N. W. 110)

**Insurance — agent held not entitled to recover bonus on failure of consideration.**
   In an action for an accounting, where the plaintiff claimed credit for $321.00 bonus under an agency contract, it is *held*:
   1. The evidence shows that the consideration for the credit which had been agreed upon was that the plaintiff should continue his activity as an agent of the defendant for the remaining two months of the year and that this consideration had failed.

**Evidence — evidence to establish consideration for credit in accounting held admissible under the parole evidence rule.**
   2. The evidence offered to prove the consideration for the agreed credit was admissible as against an objection based upon the parol evidence rule.

Opinion filed July 7, 1922

Appeal from the District court of Burleigh county, *Nuessle, J.*

Affirmed.

*Scott Cameron,* for appellant.

A mere promise to do or not to do a certain thing is not such a fraud as will avoid a conract. 12 R. C. L. 254; Herbert H. Bigelow et al. v. Barnes, 121 Minn. 148, 140 N. W. 1032, 45 L. R. A. (N. S.) 203.

The rule has been tersely stated in Ruling Case Law Vol. 6, p. 678 that the adequacy of the consideration is immaterial has been undoubtedly the law since the notion of consideration began to be developed. The reason is that the parties are deemed to be the best judges of the bargains entered into. As Hobbes says, the value of all things contracted for is measured by the appetite of the contractors. Accordingly, the courts do not ordinarily go into the question of inequality of considerations but act ·upon the presumption that parties are capable to contract, granting relief only when the inequality is shown to have arisen from the mistake, misrepresentation or fraud. 6 R. C. L. 678; Freudenthan v. Espey, 45 Col. 488, 102 Pac. 280; Atlanta & W. P. Ry. Co. v. Camp, 60 S. E. 177.

*Newton, Dullam & Young,* for respondent.

BIRDZELL, C. J. This is an action for an accounting. The plaintiff has appealed from the judgment, and has specified certain facts for review in this court. The facts essential to an understanding of the issue on appeal are as follows:

The defendant is the general agent in North Dakota of the Montana Life Insurance Company. The plaintiff was a special agent of the same company, who, prior to this action, had discontinued his agency. For several .years prior to November 6, 1920, a stipulation had been in effect between the plaintiff and defendant, whereby it was agreed that if the plaintiff should write $200,000 or more of accepted insurance in a year he should receive a bonus of $2 for each $1,000 worth of business so written. On November 6, 1920, a new agency agreement was made on a regular form, in all substantial particulars the same as the first agency contract. But the rider stipulation with reference to the bonus was omitted, and in lieu of it a rider was annexed to the new agreement to the effect that the plaintiff should receive $2 per $1,000 on all business written, and accepted from January 1, 1920, to November 6, 1920. In the monthly statement following, or in December, 1920, the plaintiff, in pur-

suance of this stipulation, was credited with $321 as a bonus upon $160,-500 insurance at $2 per thousand dollars of insurance written prior to November 6th. On November 27th the plaintiff obtained a position in the Bank of North Dakota, and went to work in the new position November 29th. It was understood, however, that the plaintiff might continue to write insurance, and in the accounts for subsequent months he was charged with office rent and light by the defendant. In January following, however, the defendant charged him with the $321 bonus previously credited. The sole controversy here is as to the right of the plaintiff to recover the bonus.

The appellant argues that since the plaintiff, by writing $39,500 additional insurance during November and December, would have been entitled to $400 bonus under his pre-existing contract, and at a similar rate for all above $200,000, his surrender of the prospect of earning this bonus, which might have exceeded $400, was a sufficient consideration for the promise of the defendant to pay him $321; that the surrender of the prospective and conditional bonus is a valuable consideration. Conceding the soundness of this argument, we think the conclusion contended for does not follow in view of the testimony. The testimony, in our opinion, does not establish absence of consideration, but rather failure of consideration. The defendant testified that the consideration for the waiver of the bonus condition which required the writing of $200,000 of insurance in a year was that the plaintiff should continue his efforts as an agent. The record shows that after the new agreement the defendant did very little by way of soliciting insurance, and that after he accepted the position in the bank he did practically nothing by way of seeking new business for the defendant. He attributes his failure to secure any new business to the prevalence of adverse business conditions, and he calls attention to the fact that the defendant congratulated him upon obtaining a salaried position, and suggested that he retain it until the following spring. Notwithstanding this, however, we are of the opinion that the preponderance of the evidence shows that the consideration for the defendant's promise to pay the bonus of $321 was the plaintiff's agreement to continue his efforts as an agent, and that this consideration has failed.

While it is argued that the evidence tending to establish this consideration is inadmissible on account of the parol evidence rule, we think the evidence is clearly admissible. It does not contradict any written promise, obligation, or even recital of consideration. The rider of November 6th

is silent as to the consideration for the credit agreed upon. It does state, however, that the pre-existing bonus agreement is terminated.

It follows that the judgment below should be affirmed. It is so ordered.

CHRISTIANSON, ROBINSON, and BRONSON, JJ., concur.

GRACE, J., concurs in the result.